IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. S1:4:25-CR-225-3-HEA-NCC |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| STANFORD TIMES, a/k/a "Stan", | ) | MOTION TO COMPEL |
| | ) | DISCLOSURE OF COOPERATORS |
| Defendant. | ) | OR COOPERATION AGREEMENTS |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby opposes Defendant's motion to compel disclosure of cooperators or cooperation agreements. (R. Doc. 211.)

**I. INTRODUCTION**

Defendant is charged with one count of Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846; and one count of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

**II. FACTS**

Defendant was a member of a large-scale drug trafficking organization operating in the St. Louis metropolitan area. He worked in conjunction with Vincent Woods to obtain and sell cocaine to drug dealers, including Christopher Taylor and Terry Smith. Defendant and Woods obtained their cocaine from Grant Berry. Berry obtained the cocaine from Wally Burciaga and used Nabor Deleon, Rene Garcia, and

Arturo Villalobos to transport the cocaine from the southern United States border to Missouri.

## III. ARGUMENT

### A. THE COURT SHOULD DENY DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF COOPERATORS OR COOPERATION AGREEMENTS.

Defendant seeks to compel the Government to disclose

> any deals, agreements, plea bargain agreements, proffer agreements, understandings, or inducements including, but not limited to, any grant or promise of official or unofficial immunity, leniency, recommendation, payment, or offer made between the Government and any witnesses the Government intends to call at any stage in this cause, in exchange for his/her testimony in connection with the above-entitled cause.

(R. Doc. 211.) Defendant cites no authority authorizing or requiring such a broad and premature disclosure. (*See id.*)

"The government has a duty to disclose to a defendant any evidence in its possession that is material and favorable to the defense." *United States v. Rushing*, 388 F.3d 1153, 1158 (8th Cir. 2004) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). The Supreme Court extended that obligation to "agreements or understandings between the government and a witness for leniency in exchange for testimony." *Id.* (citing *Giglio v. United States*, 405 U.S. 150 (1972)).

Under *Giglio*, impeachment evidence only qualifies as *Brady* material "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence.'" 405 U.S. at 154. Stated differently, impeachment evidence constitutes *Brady* material only where "the government's case depend[s] almost entirely on [a particular witness's] testimony." *Id.* at 154-55. But "[i]mmediate production [of impeachment

evidence] is not the standard in this Circuit, nor is pretrial disclosure required." *United States v. Shipp*, 2021 WL 6118776, *16 (E.D. Mo. Sept. 30, 2021) (citing *United States v. Szxzerba*, 897 F.3d 929, 941 (8th Cir. 2018) ("Under the rule in our circuit *Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial.")).

Lastly, the Government is not required to provide a defendant with a list of trial witnesses under Rule 16(a). *See United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984).

The Eighth Circuit addressed a similar request in *United States v. Miller*, 698 F.3d 699 (8th Cir. 2012). There, Miller requested information relating to cooperating witnesses three weeks before trial. *Id.* at 703. The Government objected and the district court largely agreed, ordering the Government to disclose the information before cross-examination of the witnesses. *Id.* at 704. Miller appealed that decision. *Id.* The Court of Appeals saw through Miller's request, calling it a "thinly-disguised attempt to learn through discovery who the government was likely to call as trial witnesses." *Id.* It found that requiring the Government to provide that information only before cross-examination was proper and not a *Brady* violation. *Id.*

Here, Defendant is seeking not only what witnesses the Government intends to call at a future trial, but their cooperation status. This case is in the pretrial motion phase and not even set for trial, which lays bare the impropriety of Defendant's request. Defendant attempts to give his request legitimacy by couching it in terms of impeachment evidence and witness creditability at trial. (R. Doc. 211 at 2.) But that

is a trial issue, more properly raised in a motion limine—or, more likely, governed by a trial setting order, once the case is set for trial before the district court. *See United States v. Bradford*, 2014 WL 1246698 (D.S.D. Mar. 25, 2024) ("The court customarily completes this disclosure process through its order setting the trial date and related matters."). Disclosure of trial witnesses and impeachment evidence is not required at this early stage.

In fact, although perhaps obvious, the Government is only required to disclose impeachment evidence for witnesses it intends to call at trial. *See Giglio*, 405 U.S. at 154-55. And then, only agreements entered into between the Government and the witness must be disclosed. *See Rushing*, 388 F.3d at 1158 ("*Giglio* does not require the disclosure of rejected plea offers; the duty to disclose is dependent upon the existence of an agreement between the witness and the government.") The Government does not know at this early stage exactly which witnesses it will be calling at trial. And, moreover, no defendant has yet pleaded guilty. Therefore, until an agreement is accepted, there is nothing to disclose.

This case involves a complex, long-standing, and wide-reaching drug trafficking conspiracy involving nine defendants, seven Title-III wiretaps, and a large quantity of controlled substances. These are the very cases in which witness safety is most at risk. That Defendant is so eager to obtain the identities of cooperators should raise a red flag with this Court and see his request for what it is.

Therefore, the Court should deny Defendant's motion because it is premature and there is no authority permitting or requiring such disclosure at this time.[1]

## IV. CONCLUSION

For the forgoing reasons, the Court should deny Defendant's motion to compel disclosure of any cooperators or cooperation agreements.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Torrie J. Schneider*
TORRIE J. SCHNEIDER (#0388364 MN)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
Tel: (314) 539-2200
Email: Torrie.Schneider@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on April 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

__X__ ECF/Electronic filing

By: /s/ *Torrie J. Schneider*
Assistant United States Attorney

[1] As discussed, the Government is well-aware of its *Brady*, *Giglio*, Rule 16, and *Jencks* disclosure obligations. It has complied with those obligations thus far and will continue to do so.